**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**AQUACAL, INC., and**
**AUTOPILOT SYSTEMS, INC.,**

      **Petitioners,**

**v.**                                                     **Case No. 8:05-mc-77-T-23TBM**
                                                        **Case No. 8:05-mc-94-T-17TBM**

**DEBBY RAINA,**

      **Respondent.**
_____/

## O R D E R

THIS MATTER is before the court on Petitioners' **Motion for Reconsideration of Order Denying Petitioners' Amended Petition to Compel Compliance with Non Party Subpoena Duces Tecum** (Doc. 12) and Ms. Raina's response in opposition (Doc. 13), which were filed in Case No. 8:05-mc-77-T-23TBM, and Petitioners' **Petition to Compel Compliance with Non Party Subpoena Duces Tecum** (Doc. 1) and Ms. Raina's response in opposition (Doc. 3), which were filed in Case No. 8:05-mc-94-T-17TBM. A hearing was conducted October 27, 2005.

These matters involve the issuance of two arbitration subpoenas commanding Ms. Raina to give testimony and produce certain documents or records related to her dealings with David J. Rybacki, Timothy W. Hart, and Mark Coleman, the defendants in the underlying arbitration. The motion for reconsideration concerns the July 22, 2005, subpoena duces tecum which commanded Ms. Raina to appear before the arbitrators on August 1-3, 2005, at Tampa, Florida, to give testimony and to bring certain specified documents or records (hereinafter the "July 2005 subpoena"). This subpoena was the subject of earlier enforcement

proceedings. In denying Petitioners' amended motion to compel compliance with the subpoena, this court ruled that it was unable to enforce the subpoena commanding Ms. Raina to appear in Tampa, Florida, given the territorial limits imposed by Fed. R. Civ. P. 45.[1]

By their instant motion for reconsideration, Petitioners urge the court to reconsider its Order denying their amended petition to compel in light of Judge Alfred V. Covello's October 12, 2005, Order.[2] In their view, this opinion constitutes "new evidence" justifying reconsideration under Rule 60(b).[3] Petitioners also contend that, pursuant to Rule 60(b)(6), they are entitled to relief "because the Connecticut Order identifies that this Court is the proper forum to enforce a subpoena against Respondent, and as a result of that decision, this

---

[1] Ms Raina is a resident of Connecticut. Although the court denied the petition to enforce the July 2005 subpoena, it indicated its view that Ms. Raina was subject to such an arbitration subpoena as long as the subpoena duly issued from the arbitration panel, was properly served on Ms. Raina in Connecticut, and commanded her appearance at a hearing in that district or as otherwise permitted by Rule 45.

[2] Judge Covello is a United States District Judge for the District of Connecticut. He too had before him an enforcement action initiated by the Petitioners related to this pending arbitration matter. That action involved a June 8, 2005, subpoena duces tecum (hereinafter the "June 2005 subpoena") also served on Ms. Raina but commanding her appearance in Hartford, Connecticut, on June 27, 2005.

[3] Rule 60(b) sets forth the grounds on which a court may rescind or amend a final judgment or order. It provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence . . .; or (6) any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). Rule 60(b) motions are addressed to the sound discretion of the court and will be reversed only upon a showing of abuse of that discretion. Waddell v. Henry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003); Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). Relief under Rule 60(b)(6) is an extraordinary remedy that is to be used in exceptional circumstances. Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir.1993); Griffin, 722 F.2d at 680. To obtain relief under this section, the party seeking relief must show that, "absent such relief, an 'extreme' and 'unexpected' hardship will result." Griffin, 722 F.2d at 680 (quoting United States v. Swift & Co., 286 U.S. 106, 119 (1932)).

Court can, pursuant to Federal Rule of Civil Procedure 45 modify the Final Hearing Subpoena . . . issued by the arbitration panel to Respondent, Debby Raina . . ."  By this argument, Petitioners urge the court to "modify" the July 2005 subpoena by requiring Ms. Raina to produce and send the requested documents to the arbitration panel prior to the hearing and appear telephonically from Connecticut before the arbitration panel.  In the alternative, Petitioners request the court to direct them to travel to Connecticut and obtain Ms. Raina's testimony and retrieve the documents.  Ms. Raina responds that Petitioners' motion should be denied with prejudice because this court's October 7, 2005, Order is not contradicted by Judge Covello's subsequent ruling in Connecticut.

As for the Petitioners' instant petition to compel compliance, it involves the June 2005 subpoena, which commanded Ms. Raina to appear at Hartford, Connecticut for a hearing before Del Vecchio Reporting.  By Order dated October 11, 2005, Judge Covello denied the petition to compel filed by Petitioners without prejudice to its refiling in this court.  See Case No. 3:05-mc-202-AVC (Doc. 14).  Petitioners were denied relief on their petition for reheaing as well.  See id., (Doc. 21).  Consistent with this court's prior Order and Judge Covello's Orders, Petitioners now seek an Order of this court compelling compliance with the June 2005 subpoena, as modified by the court to direct Ms. Raina's appearance in Connecticut before the arbitrators at the hearing November 3-4, 2005.

In response, Ms. Raina concedes that this court has authority to rule on the instant petition under the plain language of section 7 of the Federal Arbitration Act (hereinafter "the FAA") as the arbitrator, or the majority of them, is sitting in Florida.  She argues, however, that the petition must be denied because the FAA does not authorize discovery subpoenas

against non-parties outside of the district in which the arbitrator sits and this court does not have personal jurisdiction over her to compel her appearance at a proceeding outside the jurisdictional limits of the court.[4]

For reasons more thoroughly addressed at the hearing, the Petition To Compel Compliance With [the June 2005] Non Party Subpoena Duces Tecum in Case No. 8:05-mc-94-T-17TBM is GRANTED.[5] The subpoena duces tecum commanding Ms. Raina's appearance for hearing before the arbitrators was validly issued by the chairman of the panel and duly served on Ms. Raina. It commanded her appearance in the District of Connecticut and thus complied with the requirements of Rule 45. Ms. Raina voluntarily chose not to appear. Pursuant to section 7 of the FAA, Petitioners may seek enforcement of the subpoena in this court. Accordingly, Ms. Raina is ordered to appear before the arbitrators on November 3-4, 2005, to give testimony and produce such relevant documents as are subpoenaed and within her possession, custody, or control. Her appearance shall be at a mutually convenient place in the District of Connecticut, preferably at Hartford. As suggested at the hearing on this petition, the scheduling and manner in which her testimony is taken and the timing on the production of her documents to the arbitrators is subject to the further orders of the arbitration panel.

---

[4]At arguments, counsel for Ms. Raina indicated that as long as her appearance to testify and produce documents was at a hearing with the arbitrators and in Hartford, Connecticut, she would not protest the subpoena if the court was inclined to enforce it.

[5]The court readopts it analysis of its jurisdiction and authority to enforce subpoenas under section 7 of the FAA as set forth in its order of October 7, 2005. See Case No. 8:05-mc-77-T-23TBM (Doc. 11).

Upon this conclusion, it is unnecessary to rule on the Petitioners' Motion for Reconsideration (Doc. 12) in Case No. 8:05-mc-77-T-23TBM.  However, the court would observe that the July 2005 subpoena, if properly modified in accordance with Rule 45 (c)(3)(A)(ii), is likewise similarly enforceable.  If pressed to do so, the court would so modify the July 2005 subpoena consistent with this Order.

Accordingly, for the reasons set forth above, Petitioners' **Petition to Compel Compliance with Non Party Subpoena Duces Tecum** (Doc. 1) in 8:05-mc-94-T-17TBM is **GRANTED**, and Petitioners' **Motion for Reconsideration of Order Denying Petitioner's Amended Petition to Compel Compliance with Non Party Subpoena Duces Tecum** (Doc. 12) in 8:05-mc-77-T-23TBM is **DENIED as moot.**

**Done and Ordered** in Tampa, Florida, this 27th day of October 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record